IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. CRAWFORD, et al., ) | C 08-5291 MMC(PR) |
| ) | |
| Petitioners, ) | **ORDER OF TRANSFER** |
| ) | |
| vs. ) | |
| ) | |
| STATE OF NEW JERSEY, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

On November 19, 2008, petitioner Lawrence L. Crawford, a South Carolina prisoner confined at the Lieber Correctional Institution in Ridgeville, South Carolina, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of all convictions obtained in the thirty-three states that adopt, by way of their state constitutions, the use of an indictment. He seeks to pursue habeas relief on behalf of himself and more than forty other South Carolina prisoners, as well as all California prisoners who have been convicted pursuant to an indictment.

Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Here, petitioner's conviction for murder was obtained in the Court of General Sessions for Kershaw County, South Carolina. Additionally, petitioner is confined in Ridgeville, South Carolina. Consequently, venue is proper in the District of South Carolina, not the Northern

District of California.  See 28 U.S.C. § 121.  Such venue considerations apply equally to any putative class member convicted and confined in South Carolina.  Moreover, petitioner's conclusory allegation that he is pursuing this action on behalf of all California prisoners convicted pursuant to indictment does not suffice to establish venue in the Northern District.[1]

When venue is improper, the district court has the discretion to either dismiss the action or transfer it "in the interest of justice."  See 28 U.S.C. § 1406(a).  Accordingly, in the interest of justice, the above-titled action is hereby TRANSFERRED to the district of conviction, the United States District Court for the District of South Carolina.

IT IS SO ORDERED.

DATED: December 4, 2008

*Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge

---

[1] The Court notes that a search of the U.S. Party/Case Index federal computer database shows that petitioner has filed cases similar or identical to the instant action in several district courts in states other than South Carolina, purporting to bring class actions on behalf of all prisoners in those states who have been convicted pursuant to an indictment.

2